UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DESMOND ALEXANDER,** | ) | **CASE NO. 4:23 CV 1142** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **WARDEN FEDERAL** | ) | |
| **CORRECTIONAL INSTITUTE,** | ) | |
| **ELKTON** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Desmond Alexander is a federal immigration detainee currently in custody at Federal Correctional Institution, Elkton ("FCI Elkton"). Alexander filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons's ("BOP") determination as to his eligibility for sentence credits under the First Step Act ("FSA") (Doc. No. 1).

For the reasons that follow, the Court dismisses this action without prejudice.

**I. Background**

In September 2015, Alexander, a citizen of Dominica, was discovered in international waters with controlled substances. He was convicted in the Southern District of Florida with conspiracy to possess with intent to distribute a controlled substance while aboard a vessel subject to the jurisdiction of the United States and sentenced to 10 years in prison. (*See* Doc. 1-1). Alexander is in custody at FCI Elkton. According to the petition, Alexander's statutory

release date was April 23, 2024; however, after applying FSA credits, his release date was changed to April 23, 2023. (Doc. No. 1-2).

On March 15, 2023, Alexander received a Notice and Order of Expedited Removal from the Department of Homeland Security ("DHS"). The DHS determined that Alexander is "inadmissible" under the Immigration and Nationality Act ("INA") and therefore subject to removal. (Doc. No. 1-3). Alexander was then deemed "ineligible" for FSA credits and his projected release date was recalculated to April 23, 2024. (Doc. No. 1-5).

Thereafter, Alexander presented an informal complaint to a prison staff member, claiming he is FSA eligible. The staff member determined that because Alexander is subject to a final order of removal under immigration laws, he is not eligible for FSA credits, and informal resolution was not accomplished. (Doc. No. 1-6). On April 14, 2023, Alexander filed a request for administrative remedy with the warden in which he stated that he wishes to "appeal the incorrect conclusion that my order of inadmissibility issued by ICE ("Immigration and Customs Enforcement") is equivalent to a 'Final Order of Removal' and precludes application of time-credits under the First Step Act." (Doc. Nos. 1-7 and 1-8). The warden denied Alexander's request, stating that the DHS has determined Alexander is "inadmissible" and the FSA provides that "[u]p to 365 days of earned FTCs will be automatically applied to early release if the inmate is not the subject of a final order of removal under immigration laws." (Doc. No. 1-9). According to Alexander, the warden incorrectly concluded that Alexander's "inadmissibility order" is considered a "final order of removal." (*See* Doc. No. 1-1 at 11). The warden advised Alexander that if he was dissatisfied with the warden's response, he may appeal the decision to the BOP's regional director. (Doc. No. 1-9).

Alexander did not appeal the warden's decision. Rather, on June 7, 2023, he filed this petition under Section 2241. Alexander now seeks this Court's intervention, asking the Court to order the BOP to award him FSA credit to which he contends he is entitled and to transfer him to ICE custody for removal proceedings.

## II. Standard of Review and Discussion

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020). But before seeking habeas relief under § 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). As the Supreme Court has explained, exhaustion serves two important functions: (1) exhaustion protects administrative agency authority, providing the agency an opportunity to correct its own mistakes before being haled into federal court; and (2) exhaustion promotes efficiency, providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted). *See also Fazzini*, 473 F.3d at 232; *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS

133248, at *19 (N.D. Ohio July 28, 2020).

To exhaust their administrative remedies, federal prisoners must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 U.S. Dist. LEXIS 188104, at *7 (N.D. Ohio Oct. 9, 2020). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146--48, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992), superseded by statute, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20-cv-01067, 2020 U.S. Dist. LEXIS 178112, at *2 (N.D. Ohio Sep. 28, 2020). *See also Rose v. Lundy*, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (stating that exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist.").

Here, Alexander has conceded that he has not exhausted his administrative remedies, claiming that any appeal to the BOP would be futile and cause irreparable harm. The record demonstrates that Alexander filed a request for administrative remedy with the warden, which

was denied. (*See* Doc. No. 1-9). And there is no evidence that Alexander further appealed the warden's denial to the BOP's regional office or the office of the General Counsel. The Court therefore finds that Alexander has failed to exhaust his administrative remedies.

The Court further finds that Alexander has failed to demonstrate futility or exceptional circumstances of peculiar urgency excusing exhaustion. The petitioner claims that the BOP has misconstrued the First Step Act requirements and mistakenly considered his "inadmissibility order" a "final order of removal" resulting in his ineligibility for earned-time credits. (*See* Doc. No. 1-1). Yet he has not provided the BOP with an opportunity to correct its own purported mistakes. And the BOP is in the best position to determine whether it erred. Although Petitioner might not believe he will get the result he desires from the BOP, he will not know until he pursues and exhausts his claim by continuing up the chain of administrative review to the regional director or General Counsel. Petitioner must therefore pursue his remedies with the BOP.

### III. Conclusion

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243 without prejudice to Petitioner refiling a petition for habeas relief under Section 2241 after exhausting his administrative remedies with the BOP.

**IT IS SO ORDERED**.

Dated: June 26, 2023  /s/*Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**